# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIRECTV, INC.,
          Plaintiff,

    v.                                                        Case No. 03-C-1167

TOM KASPROVICH,
          Defendant.

## DECISION AND ORDER

Plaintiff DirecTV, Inc. is a provider of satellite television programs for which it bills subscribers. In order to prevent unauthorized persons from viewing its programs, plaintiff scrambles their transmission. However, this practice has led to the dissemination of so-called pirate access devices, which unscramble transmissions and allow people to see programs without paying for them. To stem the use of such devices, plaintiff has commenced a large number of lawsuits, including one against Tom Kasprovich.

On December 15, 2005, plaintiff filed a motion for summary judgment on its second count against defendant, which was that he violated 18 U.S.C. § 2511(1)(a). Defendant did not promptly respond to plaintiff's motion. On February 16, 2005, I notified defendant by letter that if he did not file a response to plaintiff's motion by March 9, 2005, I would grant plaintiff's motion for summary judgment. Defendant did not respond. Accordingly, on April 8, 2005, I granted plaintiff's motion for summary judgment. I also granted plaintiff's request for statutory damages and injunctive relief pursuant to 18 U.S.C. § 2520(b) & (c). Subsequently, I granted plaintiff's motion for attorneys' fees.

On June 28, 2005, defendant filed a letter with the court. In his letter, he states that he is "completely innocent of the accusations of the Plaintiff and wish[es] to have [his] argument heard in court." (Letter, June 28, 2005.) He believes that plaintiff "is attempting to flood the court system with unwarranted and unsubstantiated claims and thus making a mockery of the legal system." (Id.) He also notes that he is currently unemployed and homeless. Furthermore, he states that he had "originally planned to defend [himself] pro se" but now asks about "the possibility of receiving legal representation in regards to [his] defense." (Id.)

In the absence of any guidance from defendant concerning how to construe his letter, I will construe his letter as a motion for relief from judgment under Fed. R. Civ. P. 60(b).[1] Fed. R. Civ. P. 60(b) sets out the circumstances under which relief from judgment may be granted: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

---

[1] A motion to reconsider may also be brought under Fed. R. Civ. P. 59 if it is filed within ten days after the entry of judgment. In the present case, defendant filed after the ten day period, thus his motion is properly construed under Rule 60(b).

Defendant does not adequately establish that any of the first five circumstances exist. Defendant makes no allegations concerning Rule 60(b)(2), (4), or (5). Defendant appears to argue that his failure to respond to pending motions and represent himself in this case is a result of excusable neglect which warrants relief under Rule 60(b)(1). However, defendant has not demonstrated that his failure to respond to the summary judgment motion and the notice issued by the court is a result of excusable neglect. Defendant knew the lawsuit was pending. He filed an answer and participated in scheduling conferences with plaintiff and with this court. Regardless of his circumstances, it was his responsibility to remain informed about the status of his case. That he filed a letter on June 28, 2005, over six months after his response to plaintiff's summary judgment motion was due, indicates that he did attempt to keep track of the status of his case. However, he should have remained informed of the status of his case throughout its pendency. Moreover, it is defendant's responsibility to inform the court of a change in address so that he receives all correspondence.

Defendant's statement that plaintiff "is attempting to flood the court system with unwarranted and unsubstantiated claims and thus making a mockery of the legal system" appears to allege that lawsuit is a product of fraud which warrants relief from judgment under Rule 60(b)(3). However, defendant's statement is nothing more than a bald allegation of fraud. Such bald allegations of fraud do not establish that plaintiff engaged in fraud such that relief from judgment should be granted pursuant to Rule 60(b)(3).

Finally, I decline to grant defendant relief from judgment pursuant to Rule 60(b)(6) which allows relief for "any other reason justifying relief from the operation of the judgment." In his letter, defendant protests his innocence. However, this argument should

3

have been made in response to the summary judgment motion. Rule 60(b)(6) is not an appropriate place to make arguments that should have been made earlier. See <u>Caisse Nationale de Credit Agricole v. CBI Indus.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to reconsider pursuant to Rule 60(b) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 27 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge